UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

**LAWRENCE PYSCHER**  Case No.: 16-
    Plaintiff

v.

**UNITED STATES OF AMERICA**  HON. THOMAS L. LUDINGTON
    Defendants

Joni M. Fixel (P56712)
Fixel and Nyeholt, PLLC
4084 Okemos Road, Ste B
Okemos, MI  48864
(517) 332-3390
jfixel@fixellawoffices.com

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, LAWRENCE PYSCHER, by and through his attorney, Joni M. Fixel of Fixel and Nyeholt, PLLC, and for his complaint, states as follows:

### JURISDICTION AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671-2680.

2. This court has jurisdiction pursuant to 28 USC 1331.

3. Specifically, Plaintiff alleges that Maurice Potts, M.D. ("Potts") as an agent and employee of the U.S. Department of Veterans Affairs ("VA") was negligent in the standard of care causing Plaintiff further injury.

4. Potts is a Medical Doctor licensed by the State of Michigan. Upon information and belief, Potts is an employee of the VA, at the Aleda E. Lutz VA Medical Center in Saginaw Michigan.

5. Defendant U.S. is the United States of America.

6. Plaintiff, Lawrence Pyscher ("Plaintiff) is a resident of Saginaw Michigan, a distinguished U.S. Veteran and is a citizen of the United States with no present intention of moving from his place of residence.

7. Plaintiff filed a Standard Form 95 FTCA complaint and was investigated by the VA. Plaintiff received a denial of his claims and is within his time to seek judicial relief. (**See Exhibit A)**

## FACTUAL BACKGROUND

8. Plaintiff has been a patient at the Aleda E. Lutz VA Medical Center in Saginaw Michigan for years. He is treated there for all of his primary medical needs.

9. On or about February 25, 2014, Plaintiff went to Flint, Michigan to have his lungs x-rayed for potential asbestosis.

10. On or about April 9, 2015, Plaintiff received the result of lung x-rays stating that the results indicated asbestosis and an enlarged heart. **(See Exhibit B)**

11. The results of the x-ray taken on April 9, 2015 were read by Steven E. Haber, a NIOSH Certified B reader.

12. A NIOSH Certified B reader is a doctor who has undergone rigorous training to recognize asbestosis, black lung, mesothemeola and other lung affected diseases. The B reader certification is good for 4 years and upon information and belief there are less than 300 doctors who have been B certified in the United States.

13. Approximately one week later, Plaintiff went to his doctor, Dr. Thomas Hadad, D.O. and asked for a second set of x-rays to be taken at the Aleda E. Lutz VA Medical Center to confirm the diagnosis.

14. Ross Waterford, MD is a doctor working for the VA read the second set of x-rays and declared that there was no problems or asbestosis found in the second set of x-rays.

15. Doctor Waterford is not a Certified B Reader and not qualified to make the same diagnosis as Dr. Habler.

16. On or about June 10, 2015, Plaintiff had an appointment with his primary care physician, Potts to review the medical results.

17. During Plaintiff's appointment with Potts, Plaintiff asked for the results of the x-rays and explained that he had a set that had been read by a Certified B-reader that stated he had asbestosis.

18. Potts asked him "what x-rays?"

19. Plaintiff tried to explain to Potts that he had a second set of x-rays taken and wanted to know if they would be read by a Certified B reader.

20. Potts jumped to his feet and stared yelling at the Plaintiff and his wife and ordered them out of his office.

21. The appointment lasted less than 4 minutes.

22. Plaintiff and his wife left the hospital feeling threatened, embarrassed, humiliated, frustrated and intimidated.

23. On or about June 15, 2015, Plaintiff wrote to Dr. Christopher Blasy, Chief of Staff for the Aleda E. Lutz VA Medical Center. **(See Exhibit C)** to try to get the results of his x-ray and to clear up the confusion surrounding his diagnosis.

24. Plaintiff did not hear back from Dr. Blasy.

25. On or about July 6, 2015, Plaintiff received a copy of his medical files. In these files it shows that on June 21, 2015, Dr. Potts entered into the medical records an alleged reading of his lung x-rays by a Certified B-Reader that stated the opposite of Dr. Haber's diagnosis.

26. Plaintiff was clear when meeting with Potts that he merely wanted to clear up what his diagnosis was and having two differing results was very stressful.

27. Instead of taking the medical needs of the patient in mind, Potts summarily dismissed the client and told him to leave the office.

28. Plaintiff still has no definitive answer as to the needed treatment for his lungs and whether he actually has a lung disease or not.

29. Even though it has been over 18 months, and despite repeated requests, the Defendant has failed to provide this veteran with the medical care and diagnosis that he may need to fight whatever lung disease he may have.

## Count II
## Negligence or Malpractice of Physician and Defendant US

Plaintiff incorporates by reference paragraphs 1 through 29.

30. Potts and Defendant US owed Plaintiff the duty of due care and the duty to exercise that degree of reasonable care, diligence, learning, judgment, and skill of other doctors in general medicine, measured against a national standard.

31. The accepted method of practice and the duties of Potts and Defendant US to Plaintiff were as follows:

    a. to timely order lung x-rays and have the x-rays reviewed immediately by a certified B reader;
    b. to be familiar with, and/or allow for in treatment, the dangers, effects, and alternatives in the course of medical management undertaken, including counseling the patient for future treatment or testing.

32. t Potts and Defendant US were negligent and breached their duties as follows:

    a. Potts failed to timely order x-rays to follow up after being informed of the first diagnosis.
    b. Defendant Potts failed to be familiar with the impact and need of a Certified B reader to diagnose the Plaintiff's x-rays, and/or allow for in treatment, the dangers, effects, and alternatives in the treatment he rendered, and he negligently dismissed the Plaintiff and his wife when asked about the x-rays.
    c. Defendant Potts caused additional stress to the already sick Plaintiff through his actions.

33. Each of these negligent acts and omissions of Potts was, together and separately, a proximate and legal cause of the injuries and further damages to Plaintiff.

34. Defendant US is vicariously liable for the negligent acts and omissions of Potts.

PLAINTIFF REQUESTS that this court award compensatory damages that will fully and fairly compensate Plaintiff for their injuries, losses, and damages in excess of $75,000, plus costs, interest, attorney fees, and other relief as is fair, just, and equitable under the circumstances.

Dated: November 15, 2016

/s/ Joni M. Fixel

Joni M. Fixel (P56712)

Attorney for Plaintiff